On Motion to Dismiss Apfeal.
The opinion of the Court was delivered by
Todd, J.
Certain real estate of J. C. Chautte, having been sold at a tax sale, plaintiff, claiming a judicial mortgage on the property for $350, and interest, brought a suit to annul the tax sale, and in the alternative, to establish a preference on the proceeds of the sale, should the demand of nullity be rejected, and at the same time praying that the proceeds of the sale, which were still in the hands of the sheriff and tax collector, should he retained till final judgment in the case. An order to that effect was granted by the Judge.
This entire suit, as we view it, is an attempt to enforce plaintiff’s mortgage claim of $350, and interest, against the land.
If the sale should he annulled, the land would not belong to plaintiff, and, in that event, should he have to bring another action to enforce his hypothecary right against it, it is clear that this Court could not entertain such a demand.
The case comes clearly within the rule laid down in the case of Loeb & Bloom vs. Arent et al., 33 A. 1086.
Plaintiff’s rights against the land, or the proceeds of its sale, must be measured strictly by the amount of his mortgage debt.
The case of State ex rel. Bloss vs. Judges, 33 A. 1351, referred to, is not applicable in the instant case.
The motion to dismiss must prevail.
The appeal is, therefore, dismissed at appellant’s costs.
Levy, J., absent.